IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH M. YACKO, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * Civil Action No. 1:20-cv-03763-CCB |
| MARILYN ELIZABETH HOWARD, | * |
| | * |
| Defendant. | |

\*       \*       \*       \*       \*

**MOTION TO REMAND THE FORECLOSURE ACTION
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to 28 U.S.C. § 1447, Plaintiffs Keith M. Yacko, Robert E. Frazier, Thomas J. Gartner, Glen H. Tschirgi, and Gene Jung (collectively, the "Plaintiffs" or "Substitute Trustees") move to remand this state foreclosure action to the Circuit Court for Baltimore County, Maryland ("Circuit Court"), and submit the following points and authorities in support.

## I.     INTRODUCTION

This action is a routine residential foreclosure under Maryland state law. Plaintiffs are substitute trustees under a deed of trust secured against real property located in Maryland. This foreclosure should be remanded to the Circuit Court because removal was untimely, and this Court lacks original jurisdiction over the foreclosure because no federal question exists.

## II.     FACTS AND BACKGROUND

As a result of Defendant Marilyn Howard (the "Defendant")'s default on a mortgage loan secured by a deed of trust against the real property located at 4512 Spring Avenue, Halethorpe, Maryland 21227 (the "Property"), the Substitute Trustees initiated the subject foreclosure on

November 9, 2015 by filing an Order to Docket foreclosure in the Circuit Court, captioned *Keith M. Yacko, et al. v. Marilyn Howard, et al.*, case no. 03C15012299 (the "Foreclosure Action"). A true and correct copy of the online docket printed from the Maryland Judiciary Case Search website on January 11, 2021 is attached as <u>Exhibit A</u>.[1] Defendant was served with the Order to Docket and supporting papers, affidavits and exhibits by personal service on November 20, 2015, and by posting on the Property on December 8, 2015. *See* Ex. A, pp. 4-5. A true and correct copy of the Order to Docket without exhibits is attached as <u>Exhibit B</u>.

In August of 2016, the Substitute Trustees had scheduled a foreclosure sale, but prior to the sale, Defendant filed for bankruptcy. The Foreclosure Action was then subject to a bankruptcy stay for two years.[2] *See* Ex. A, pp. 6-8. An Order Lifting Stay of Bankruptcy was filed in the Foreclosure Action on October 3, 2018. *Id.*, p. 8. On February 7, 2020, the Circuit Court issued a notice of contemplated dismissal for lack of prosecution. *Id*. The Substitute Trustees filed a motion to defer dismissal. *Id*. On March 20, 2020, the Circuit Court granted the Substitute Trustees' motion and deferred dismissal of the Foreclosure Action. *Id.*, p. 9.

Six months later, Defendant filed a Motion to enter dismissal in the Foreclosure Action, which the Circuit Court **denied** on October 26, 2020. *Id*. Then, on November 6, 2020, Defendant curiously filed a "Motion to Suspend Dismissal of the Case for a Period of Time Based on the

---

[1] This Court may take judicial notice of publicly-filed foreclosure papers. *See Philips v. Pitt. County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). In addition, pursuant to Fed. R. Civ. P. 10(c), this Court may consider documents attached to the Notice of Removal and Motion to Remand, as long as they are integral, and there is no dispute about their authenticity.

[2] Defendant filed a Chapter 13 bankruptcy petition on November 18, 2016, which was dismissed on September 26, 2018. *See* Case No. 16-25287. She also filed an adversary complaint challenging the validity of the loan on February 12, 2018 at Case No. 18-00041. The adversary case was dismissed on June 6, 2018 in Case No. 18-00041 at ECF No. 38; and this Court denied and dismissed Defendant's challenge to that dismissal in Case No. CCB-18-1960, ECF No. 53.

Federal Action" in which she inaccurately stated that the Circuit Court entered an Order to dismiss the Foreclosure Action on October 26, 2020, and then asked the Circuit Court to "suspend [that] dismissal" based on a pending parallel federal action that she brought against the mortgagee and the servicer on the loan in 2018 captioned *Marilyn Howard, et al. v. Ocwen Loan Servicing, Inc., et al*, Case No. RDB-18-3296 (the "Federal Action"). [3]  *See* ECF No. 2 (the "Motion to Suspend Dismissal"). On November 25, 2020, the Circuit Court entered an Order denying the Motion to Suspend Dismissal as moot recognizing that it had not entered any such order dismissing the Foreclosure Action on October 26, 2020.  *See* ECF No. 3 (the "Circuit Court Order").

On December 28, 2020, five years after the Substitute Trustees filed and served the Order to Docket this Foreclosure Action, Defendant filed the subject notice of removal from the Circuit Court to this Court.  *See* ECF Nos. 1-3 (the "Notice of Removal").

### III.   LEGAL ARGUMENT

#### A.   Defendant's Notice of Removal is Untimely

As a preliminary matter, Defendant's Notice of Removal is untimely.  A defendant seeking to remove a civil action to federal court must file a notice of removal within 30 days after receipt of the "initial pleading setting forth the claim for relief"; or, if the case stated by the initial pleading is not removable, the defendant may remove within 30 days after receipt of a motion, order or other paper "from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

---

[3] On April 14, 2020, this Court entered an Order granting the Federal Action defendants' motion to dismiss the first amended complaint in its entirety, and dismissing the Federal Action with prejudice. RDB-18-3296 at ECF No. 31.  Defendant filed a motion for reconsideration, which the defendants opposed, and is fully briefed awaiting decision. *Id.,* at ECF Nos. 33-34.

3

Defendant was served with the initial "pleading"—in this case the Order to Docket—on November 20, 2015.  *See* Ex. A, pp. 4-5.  Defendant did not file her Notice of Removal until December 28, 2020, over **five years** later.  ECF No. 1.  Removal is therefore untimely.  In the Notice of Removal, Defendant summarily references the Circuit Court Order denying her Motion to Suspend Dismissal of the Foreclosure Action, and attaches a copy, apparently suggesting the Circuit Court Order somehow restarts the clock for purposes of the 30-day removal window, but nowhere in her Notice of Removal does she explain how this Circuit Court Order takes the Foreclosure Action from the realm of state law into the jurisdiction of the federal courts.

The date of the Circuit Court Order has no bearing on the thirty-day removal requirement, which Defendant clearly failed to meet.  The Circuit Court Order was issued by a state court, in response to a motion filed pursuant to state law within the Foreclosure Action that was properly brought in state court.  The Circuit Court Order does not concern any federal law whatsoever and does not give rise to a federal question.  The Circuit Court Order did not make the Foreclosure Action removable.  Defendant's failure to file the Notice of Removal within the 30-day window alone provides this Court a sufficient basis to summarily remand the Foreclosure Action.  *See Link Telecomms., Inv. v. Sapperstein*, 119 F. Supp. 2d 536, 542-45 (D. Md. 2000) ("A defect in removal procedure renders a case improperly removed.  If a defendant does not comply with the thirty-day removal period set forth in § 1446(b), then the court does not need to address the substantive grounds for removal.").

**B.     No federal question exists; and removal on this basis is therefore improper**

Even had removal been timely, removal is not proper because this Court does not have original jurisdiction over the Foreclosure Action.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless expressly prohibited.

4

1441(a).  The district courts have original jurisdiction over all civil actions arising under "the Constitution, laws, or treaties of the United States." *Id.*, § 1331.  The district courts also have original jurisdiction over all civil actions arising from "the deprivation of any right or privilege of a citizen of the United States."  *Id.*, § 1343.  The party seeking removal carries the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).  Courts must strictly construe removal jurisdiction because removal jurisdiction raises significant federalism concerns; if federal jurisdiction is doubtful, the Court should grant a motion to remand.  *Id.* (citations omitted).  Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).

In the Notice of Removal, Defendant incorrectly concludes that removal is proper under 28 U.S.C. §§ 1331 and 1343(a) because a federal question exists and this Court has original jurisdiction over any civil action for a claim under 42 U.S.C. § 1983.  *See* ECF No. 1, ¶ 6.

This case involves no such cause of action; rather, this case is a routine foreclosure proceeding arising solely under Maryland state law governing the enforcement of deeds of trust, mortgages, and other liens in default secured by real property located in Maryland.  *See* Md. Code Ann., Real Prop. § 7-105, *et seq.* (containing Maryland's foreclosure procedures); Md. Rule 14-201, *et seq.* (same).  The Order to Docket does not allege any claim based on 42 U.S.C § 1983, or any other federal law.  *See* Ex. B.  No federal questions were presented on the face of the Order to Docket. *Id*.  Neither the initial Order to Docket nor any subsequent filing by the Substitute Trustees seeks relief that requires the construction or application of federal law, or gives rise to federal

jurisdiction. U.S. District Courts in Maryland have consistently held that state foreclosure actions afford no basis for the exercise of federal question jurisdiction. *See e.g., Fisher v. Cathey*, No. GJH-15-1357, 2016 U.S. Dist. LEXIS 38268, 2016 WL 1214782, at *1 (D. Md. Mar. 22, 2016) (finding that a foreclosure proceeding could not serve as the basis for federal question jurisdiction); *MacFadyen v. Smith*, No. WDQ-10-2802, 2011 U.S. Dist. Lexis 47578, at *8-10, 2011 WL 1740583 (D. Md. May 2, 2011) ("[T]his Court should refrain from interfering in a state foreclosure proceeding") (quoting *Arnold v. Waterfield Mortg. Co.*, 966 F. Supp. 387, 389 (D. Md. 1996) (remanding "a routine foreclosure action that arises solely under Maryland state law" because no federal question jurisdiction existed over it)).

Likewise, Defendant's Motion to Suspend Dismissal of the Foreclosure Action does not somehow create federal question jurisdiction. The Notice of Removal claims, without explanation, that the Circuit Court Order was unconstitutional, but does not actually explain how or why. ECF No. 1, ¶ 1. Defendant also summarily references a civil claim under 42 U.S.C. § 1983, but there is no such claim, or even counterclaim or third party claim, asserted in the Foreclosure Action. This Court looks only to the complaint, or in this case, the Order to Docket, to determine whether a federal question is presented: "[i]t is the complaint as framed by the plaintiff in state court that determines whether a federal question is present . . . a defendant may not raise a federal question for removal purposes in his defense … nor can a defendant avoid this restriction by attempting to join a third party and asserting a federal counter claim as to that party." *Crawford v. Mokhtar*, 842 F. Supp. 840, 843 (D. Md. 1994). Because the Foreclosure Action only involves a state law proceeding and does not involve any federal causes of action, the Court lacks federal question jurisdiction and removal on this ground was improper.

Lastly, the existence of Defendant's Federal Action does not give this Court supplemental jurisdiction over the Foreclosure Action or implicate a federal question. Defendant cannot merge the Foreclosure Action with her claims in the Federal Action. *See Nadel v. Marino*, No. GJH-17-2136, 2017 U.S. Dist. LEXIS 174775, 2017 WL 4776991, at *4 (D. Md. Oct. 20, 2017) ("the fact that [defendants] have a separate federal action pending against the Substitute Trustees does not give the Court supplemental jurisdiction over the Foreclosure proceeding which does not involve any federal claims"); *Yacko v. Noels*, No. GJH 17-3604, 2018 U.S. Dist. LEXIS 126844, 2018 WL 3619541 (D. Md. Jul. 30, 2018) (same).

## IV.   CONCLUSION

Defendant has failed to demonstrate that this Court has removal jurisdiction over the Foreclosure Action and did not file a timely notice of removal. Wherefore, for the reasons set forth herein, this Court should remand the Foreclosure Action back to the Circuit Court for Baltimore County, Maryland.

Dated: January 12, 2021                                        Respectfully submitted,

                                                                                DUANE MORRIS LLP

                                                                                By: /s/ _____
                                                                                Laurie G. Furshman (Federal Bar No. 29604)
                                                                                DUANE MORRIS LLP
                                                                                100 International Dr., Suite 700
                                                                                Baltimore, MD  21202
                                                                                Telephone: 410-949-2943
                                                                                Facsimile: 410-510-1274
                                                                                Lgfurshman@duanemorris.com

                                                                                *Attorneys for Plaintiffs/Substitute Trustees*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of January, 2021, a true and correct copy of the foregoing Motion to Remand the Foreclosure Action and Incorporated Memorandum of Points and Authorities, along with the exhibits thereto and proposed order, was served via first-class mail, postage prepaid, to:

> Marilyn Elizabeth Howard
> 4512 Spring Avenue
> Baltimore, MD 21227
>
> *Pro Se Plaintiff*

/s/
Laurie G. Furshman