IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH M. YACKO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-20-3763 |
| MARILYN ELIZABETH HOWARD, | * | |
| Defendant. | * | |

\*\*\*

## ORDER

On December 28, 2020, Marilyn E. Howard filed a self-represented notice of removal. ECF No. 1. On January 12, 2021, plaintiff Keith M. Yacko, filed a motion to remand. ECF No. 5. Howard did not pay the filing fee, nor did she file a motion to proceed in forma pauperis. Requiring her to correct this deficiency, however, would merely delay resolution of this case. For the reasons that follow, this case shall be remanded to the Circuit Court for Baltimore County, Maryland.

Howard claims that removal of her foreclosure case from state circuit court is proper pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. ECF No. 1. Howard also asserts that removal is timely because it is based upon the circuit court's November 25, 2020 order denying her motion to suspend dismissal of the foreclosure case. *Id.* Howard claims that the circuit court erred in allowing the case to proceed although a related action is pending in this court at *Howard v. Ocwen Loan Servicing Inc.*, Civil Action No. RDB-18-3296. *Id.*

Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the *initial* pleading setting forth the claim for relief upon which such action or proceeding

is based[.]" (Emphasis added). Courts are required to construe removal statutes narrowly, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941), because "the removal of cases from state to federal court raises significant federalism concerns," *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts . . . resolved in favor of state court jurisdiction." *Barbour*, 640 F.3d at 617; *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

According to the Maryland Judiciary Case Search, plaintiff brought the foreclosure action in Baltimore County on November 9, 2015, and filed affidavits of service on November 30, 2015. *See Yacko v. Howard*, Case No. 03-C-15-012299 (Cir. Ct. Balt. Cty.); ECF No. 5-1 at 4-5. Plaintiff avers that Howard was served with the Order to Docket and supporting papers, affidavits and exhibits by personal service on November 20, 2015, and by posting on the property on December 8, 2015. *See id.* Therefore, Howard's filing of the notice of removal on December 28, 2020, occurred much later than 30 days after she was served in state court and is thus untimely.

Even if the removal were timely, remand would be warranted because foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, No.3:08-cv-00298-FDW, 2008 WL 4166328, *1 (W.D.N.C. Sep. 3, 2008) (nothing in a "simple foreclosure action of real property . . . suggests the presence of a federal question").[1] Nor does Howard's pending case in this court

---

[1] Unpublished cases are cited for the persuasiveness of their reasoning and not for any precedential value.

provide a basis for removal. *See, e.g.*, *Nadel v. Marino*, No. GJH-17-2136, 2017 WL 4776991, at *4 (D. Md. Oct. 20, 2017) (separate federal action against the plaintiff in foreclosure proceeding did not provide the defendant basis for removal). To the extent Howard believes the claims asserted constitute a viable defense to the foreclosure action, they may be raised in the context of that state court case.

Federal courts are courts of limited jurisdiction, and the court lacks subject matter jurisdiction over this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, this case shall be remanded for improper removal.

Accordingly, it is this  28th   day of January, 2021, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Remand (ECF No. 5) IS GRANTED;

2. The case SHALL BE REMANDED to the Circuit Court for Baltimore County (Case No. 03-C-15-012299);

3. The Clerk SHALL CLOSE this case; and

4. The Clerk SHALL SEND a copy of this Order to Howard, counsel, and the Clerk of the Circuit Court for Baltimore County, 401 Bosley Avenue, Towson, Maryland 21204.


                                    ___/S/_____
                                    Catherine C. Blake
                                    United States District Judge

3