IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH M. YACKO, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No. 1:20-cv-03763-CCB |
| MARILYN ELIZABETH HOWARD, | * | |
| | * | |
| Defendant. | | |

\*      \*      \*      \*      \*

**<u>OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER REMAND</u>**

Plaintiffs Keith M. Yacko, Robert E. Frazier, Thomas J. Gartner, Glen H. Tschirgi, and Gene Jung, in their capacities as substitute trustees ("Substitute Trustees"), file this opposition to Defendant Marilyn Howard ("Howard")'s motion to reconsider remand and reinstate the case at ECF No. 8, and submit the following points and authorities in support.

**I.      INTRODUCTION AND BACKGROUND**

Howard removed this standard residential foreclosure case to federal court on December 28, 2020, five years after she was served with the case initiating order to docket foreclosure. The Substitute Trustees filed a motion to remand on January 12, 2021. According to Howard, on January 22, 2021, she filed a request for an extension to respond to the motion to remand that was not docketed by the Court. She attaches to her motion to reconsider what appears to be a date-stamped copy of that request.

On January 28, 2021, the Court granted the Substitute Trustees' motion to remand the foreclosure case to the Circuit Court for Baltimore County. In its Order, the Court found that removal was untimely and held that, even if removal had been timely, the Court lacked subject

DM1\11790805.1

matter jurisdiction over the case because the order to docket foreclosure action did not give rise to federal question jurisdiction. The Court also concluded that although Howard did not pay the required filing fee, requiring her to correct the deficiency would just delay resolution of the case.

On February 5, 2021, Howard filed the subject motion for reconsideration arguing that remand was "unconstitutional, prejudicial, overzealous" and unfair for a variety of reasons including: (1) she was not given notice of the filing fee deficiency; (2) she had not yet filed an opposition to the motion to remand and her 21-days to respond had not yet expired; and (3) she had an outstanding request for extension of time to file the opposition that was not expressly ruled on. She also claims that the Court building being closed to the public due to COVID-19 should absolve her of filing documents and prohibit any rulings that are not of an "emergency nature" until the courts fully reopen. Finally, she accuses the Court of unethical misconduct by intentionally not docketing her request for extension. Ultimately, Howard asks the Court to (1) vacate its order remanding the foreclosure case; (2) reinstate the case and assign it to Judge Bennett; and (3) stay resolution of the Substitute Trustees' motion to remand until Maryland fully reopens court buildings to the public to allow her an opportunity to retain counsel to respond.

**II.   STANDARD**

"[T]here are three grounds for amending an earlier judgment [under Rule 59]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). This extraordinary measure requires the moving party to present clear arguments demonstrating why it is entitled to relief." *Mills v. Hassan,* No. GLR-18-562, 2019 WL 7049567, at *3 (D. Md. Dec.

23, 2019).  "The court may properly deny the motion if a movant fails to establish one of the criteria."  *Id.* (citation omitted).

### III.  ARGUMENT

Howard appears to be arguing for reconsideration on the third ground—to correct a clear error of law or prevent manifest injustice.  The Court should deny Howard's motion for reconsideration because she has not established a clear error of law or manifest injustice.  None exists.  First, the Court was authorized to remand the order to docket foreclosure for lack of subject matter jurisdiction over the case at any time before final judgment, either on motion to remand or even *sua sponte*.  Second, Howard's remaining arguments are factually or legally without merit and do not support reconsideration, and even had there been an error of law, any such error was harmless because Howard has no colorable legal basis to oppose remand.  Reinstating the case would be futile, inefficient, and a waste of judicial resources.

### A.  The Court Committed No Clear Error Of Law In Remanding The Foreclosure Because The Court Lacks Subject Matter Jurisdiction Over The Case

Howard's main argument is that the Court committed a clear error of law by granting the Substitute Trustees' motion to remand before her 21-day time to respond expired, and by not docketing and expressly ruling on her request for a thirty day extension to respond.

The Court did not commit a clear error of law.  As explained in the Court's Order, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see e.g., Doe v. Blair*, 819 F.3d 64 (4th Cir. 2016).  The Court, aware of Howard's theory of removal from her removal papers, correctly found that it lacked subject matter jurisdiction over this routine foreclosure case.  Under 28 U.S.C. § 1447(c), a court shall remand upon such a finding that it lacks subject matter jurisdiction.  The

Court was not required by law to wait for Howard to file a response. Put another way, the Court could consider the Substitute Trustees' motion *instanter*, and deem no response necessary.

Further, whether Howard's time to respond to the motion to remand had expired and whether her request for extension was properly filed and inadvertently not docketed, is ultimately irrelevant for the same reason. The Court's remand was based on lack of subject matter jurisdiction over the case, and to the extent the Court did not expressly rule on the request for extension, the Court's decision could and should be construed as denying the request, as it became essentially moot. Further, Local Rule 105(2)(a) provides that "all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion…," not 21-days. But, again, regardless, nothing prohibited the Court from remanding the foreclosure case before Howard's time to respond had expired for lack of subject matter jurisdiction, and the Court was not required to grant Howard's request for an extension where any such extension would ultimately prove futile and simply delay the inevitable outcome of remand.

      **B.**      **There Has Been No Manifest Injustice And Reinstating The Case To Allow Howard An Opportunity To Respond To The Motion To Remand Would Be Futile, Inefficient, And A Waste Of The Court's Resources**

Howard further argues that due to the Court being closed to the public it was a manifest injustice that she was not given more time to respond. She also argues that the Judge committed "unethical misconduct" because Howard did not receive a deficiency notice as to the filing fee deficiency and an opportunity to retain counsel once the courts reopen to the public.

There has been no manifest injustice. First, while the Court noted Howard's filing fee deficiency, it did not remand the foreclosure case on that ground. In fact, the Court saved Howard the cost of paying the filing fee just to have the case remanded later. In its Order remanding the foreclosure case, the Court did not require Howard to pay the filing fee or any costs, expenses, of legal fees as is in its power to do. *See* 28 U.S.C. 1447(c).

Second, Howard does not identify any basis on which the Court has subject matter jurisdiction over the foreclosure case nor could she even with the benefit of counsel. Because Howard has no colorable legal basis to oppose remand, reversing the Court's remand and reinstating the foreclosure case in federal court would be futile, inefficient, and a waste of judicial resources. Howard removed the order to docket foreclosure case based on federal question jurisdiction. But, this case is a routine foreclosure proceeding arising solely under Maryland state law governing the enforcement of deeds of trust, mortgages, and other liens in default secured by real property located in Maryland. *See* Md. Code Ann., Real Prop. § 7-105, *et seq.*; Md. Rule 14-201, *et seq*. The order to docket does not allege any claim based on federal law and no federal questions were presented on the face of the order to docket. *See Arnold v. Waterfield Mortg. Co.*, 966 F. Supp. 387, 389 (D. Md. 1996) (remanding "a routine foreclosure action that arises solely under Maryland state law" because no federal question jurisdiction existed over it). Nor did Howard's 2018 federal lawsuit against the mortgagee and the servicer on the loan give the Court supplemental jurisdiction over the foreclosure case or implicate a federal question. Regardless, that federal action is now closed. *Marilyn Howard, et al. v. Ocwen Loan Servicing, Inc., et al*, Case No. RDB-18-3296. Further, her removal was filed five years after service of the initial order to docket foreclosure, and, therefore, clearly untimely. 28 U.S.C. § 1446(b).

Third, under the Court's current Standing Order(s), litigants are not absolved of complying with filing deadlines, and self-represented litigants have access to the Court to complete paper filings via drop boxes at each courthouse. Howard has successfully used such filing procedures in filing her notice of removal and the subject motion for reconsideration. There is also absolutely no evidence supporting Howard's bald accusation that the Court intentionally did not docket her request for extension. Howard has been able to retain counsel during the ongoing pandemic, as

her most recent filings in the foreclosure action in the Circuit Court for Baltimore County prior to removal were by counsel on her behalf. While flexibility, leniency and understanding are most definitely warranted during this global pandemic, reversing remand, reinstating the foreclosure case in this Court, and staying resolution of the motion to remand until all court buildings completely reopen to the public would be completely futile in this case.

### IV.   CONCLUSION

The Court should deny Howard's motion to reconsider remand and reinstate because she has failed to establish any ground warranting reconsideration. The Court lacks subject matter jurisdiction over the order to docket foreclosure case, and remand was proper and appropriate.

Dated: February 18, 2021                                Respectfully submitted,

                                                        DUANE MORRIS LLP

                                                        By: /s/
                                                        Laurie G. Furshman (Federal Bar No. 29604)
                                                        DUANE MORRIS LLP
                                                        100 International Dr., Suite 700
                                                        Baltimore, MD  21202
                                                        Telephone: 410-949-2943
                                                        Facsimile: 410-510-1274
                                                        Lgfurshman@duanemorris.com

                                                        *Attorneys for Plaintiffs/Substitute Trustees*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing Opposition to be served via first-class mail, postage prepaid, on the 19th day of February, 2021, to:

> Marilyn Elizabeth Howard
> 4512 Spring Avenue
> Baltimore, MD 21227
>
> *Pro Se Plaintiff*

/s/
Laurie G. Furshman